UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TNF GEAR, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VF OUTDOOR, LLC,<br><br>    Defendant. | Case No. 18-cv-00253-JSC<br><br>**ORDER CERTIFYING JUDGMENT AS TO TNF GEAR AND KL SPORT FOR REGISTRATION IN ANOTHER DISTRICT**<br><br>Re: Dkt. No. 109 |

William and Linda Vinci and TNF Gear, Inc., a Vermont corporation of which the Vincis are the sole shareholders, filed this civil action against VF Outdoor, LLC, which operates a division under the brand name "North Face." VF Outdoor filed counterclaims against the Vincis and KL Sport Inc., TNF Gear's predecessor. The claims and counterclaims arose out of a business arrangement between the parties wherein TNF Gear acted as a reseller of The North Face merchandise.

In July 2019, the Court granted VF Outdoor's motion for summary judgment and entered judgment in its favor on its breach of contract counterclaims. (Dkt. No. 98.) The Vincis and TNF Gear thereafter filed a notice of appeal and VF Outdoor filed the underlying motion to certify the judgment for registration for enforcement in another district. (Dkt. Nos. 103 & 109.) After the motion was filed, the Vincis filed a suggestion of bankruptcy indicating that they had filed a voluntary petition for relief under Chapter 7. (Dkt. No. 111.) The Court issued an order staying proceedings as to the Vincis under 11 U.S.C. § 362(a)(1) and ordering Plaintiffs to file a further statement if they contended that the bankruptcy stay extended to TNF Gear and KL Sport. (Dkt. No. 112.) Plaintiffs did not file anything further and did not oppose the underlying motion.

Because VF Outdoor's motion was based on the contention that the Vincis have substantial

assets in Vermont and proceedings as to the Vincis are stayed under Section 362(a)(1), the Court requested supplemental briefing regarding whether there was nonetheless good cause to grant the motion as to TNF Gear (and its predecessor KL Sport) given that VF Outdoor attests that neither has any assets from which it could collect. (Dkt. No. 113.) The Court has considered VF Outdoor's supplemental briefing, finds that there is good cause, and GRANTS the motion to certify the Court's judgment for registration for enforcement in another district under 28 U.S.C. § 1963.

**DISCUSSION**

Generally, a judgment becomes final and enforceable ten days after judgment is entered. Fed. R. Civ. P. 62(a). At that time, a prevailing party is entitled to execute upon a judgment. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc*., 259 F.3d 1186, 1197 (9th Cir. 2001). Where a party has filed an appeal, the judgment is only enforceable in the district in which it was rendered, unless the judgment is "registered" in another district by court order. *Id*. (citing 28 U.S.C. § 1963). The process for registering a judgment is set forth in 28 U.S.C. § 1963:

> A judgment in an action for the recovery of money or property entered in any [ ] district court ... may be registered by filing a certified copy of the judgment in any other district [ ], ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown .... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

*Id*. "Section 1963 thus permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of 'good cause.'" *Columbia Pictures*, 259 F.3d at 1197 (quoting 28 U.S.C. § 1963).

The good cause standard is not defined in the statute, but in *Columbia Pictures* the Ninth Circuit adopted the following standard: "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum" constitutes good cause. *Columbia Pictures*, 259 F.3d at 1197–98. Here, there is no suggestion that any Plaintiffs have assets in California. (Dkt. No. 109-1 at ¶¶ 11-13.) Thus, the first factor of the good cause standard is easily met.

With respect to the second factor, VF Outdoor contends that the Vincis have substantial assets in Vermont where it seeks to register the judgment, but concedes that the Court cannot certify the judgment as to them given the bankruptcy stay. VF Outdoor nonetheless insists "'the distinct possibility of [a judgment creditor] being faced with an unsatisfied judgment' sufficiently satisfies the 'good cause' threshold." *See UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. CV 07-05808 SJO (FFMx), 2012 WL 12882702, at *3 (C.D. Cal. Oct. 3, 2012) (quoting *Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66-67 (D. N.J. 1989)); *see also In re Reddy*, 589 B.R. 867, 873 (Bankr. E.D. Cal. 2018) ("the possibility that the plaintiff will have an unsatisfied judgment if not allowed to register in other districts before or pending appeal ordinarily suffices as 'good cause.'"). Further, VF Outdoor emphasizes that while TNF Gear's tax returns indicate that it did not have any assets as of the end of 2017, TNF Gear has continued to pursue the appeal of this court's judgment (through counsel) following the Vincis' personal bankruptcy filing. As Vermont corporations with their principal places of business in Vermont and sole shareholders in Vermont, TNF Gear and KL Sports assets, if any, would most likely be in Vermont. (Dkt. No. 114-1 at ¶¶ 7-8.)

Given that VF Outdoor is unlikely to be able to collect on the judgment here, the Court finds that VF Outdoor has demonstrated good cause under 28 U.S.C. § 1963 for allowing it to register the judgment against TNF Gear and its predecessor KL Sport in the District of Vermont. The motion is GRANTED.

This Order disposes of Docket No. 109.

**IT IS SO ORDERED.**

Dated: November 6, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge