UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TNF GEAR, INC., et al.,<br><br>    Plaintiffs/Counter-defendants,<br><br>v.<br><br>VF OUTDOOR, LLC,<br><br>    Defendant/Counter-plaintiff. | Case No. 18-cv-00253-JSC<br><br>**ORDER RE: VF OUTDOOR'S MOTION FOR AN ORDER REQUIRING THE POSTING OF AN APPEAL BOND**<br><br>Re: Dkt. No. 116 |

Defendant/Counter-plaintiff VF Outdoor's motion for an order requiring Plaintiffs/Counter-defendants to post an appeal bond under Federal Rule of Appellate Procedure 7 is now pending before the Court. (Dkt. No. 116.) Having considered the parties' briefs and having had the benefit of oral argument on December 19, 2019, the Court DENIES VF Outdoor's request for a bond.

**BACKGROUND**

William and Linda Vinci and TNF Gear, Inc., a Vermont corporation of which the Vincis are the sole shareholders, filed this civil action against VF Outdoor, LLC, which operates a division under the brand name "North Face." VF Outdoor filed counterclaims against the Vincis and KL Sport Inc., TNF Gear's predecessor. The claims and counterclaims arose out of a business arrangement between the parties wherein TNF Gear acted as a reseller of The North Face merchandise. In July 2019, the Court granted VF Outdoor's motion for summary judgment and entered judgment in its favor on its breach of contract counterclaims and on Plaintiffs' claims against VF Outdoor. (Dkt. No. 98.)

The Vincis and TNF Gear thereafter filed a notice of appeal to the Ninth Circuit. (Dkt. No. 103.) VF Outdoor thereafter filed a motion to certify the judgment for registration for enforcement in another district. (Dkt. No. 109.) After the motion was filed, the Vincis filed a suggestion of bankruptcy indicating that they had filed a voluntary petition for relief under Chapter 7. (Dkt. No. 111.) The Court issued an order staying proceedings as to the Vincis under 11 U.S.C. § 362(a)(1) and thereafter granted a motion to certify the judgment for registration against TNF Gear and KL Sport. (Dkt. Nos. 112, 115.) VF Outdoor then filed the now pending motion for an order requiring "the parties pursuing the appeal" to post an appeal bond under Federal Rule of Appellate Procedure 7. (Dkt. No. 116.)

## LEGAL STANDARD

Federal Rule of Appellate Procedure 7 provides that a district court "may require an appellant to file a bond or provide other security in any form necessary to ensure payment of costs on appeal." The Ninth Circuit has held that the term "costs" includes the costs specified in Federal Rule of Appellate Procedure 39, but does not include attorneys' fees unless "an applicable fee-shifting statute includes them in its definition of recoverable costs, and only if the appellee is eligible to recover such fees." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). Rule 39 lists the following costs on appeal as covered under the rule: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e).

An appeal bond functions to "protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012) (internal quotation marks and citation omitted). "[T]he need for a bond, as well as its amount, are left in the discretion of the trial court." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (citing Fed. R. App. P. 7, 1979 advisory committee notes).

## DISCUSSION

District courts in this circuit apply the following factors in considering the necessity of an

appeal bond: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the [appellant] loses; and (3) the [appellant's likelihood of success on the] merits of the appeal." *Embry*, 2012 WL 2055030, at \*1; *see also Fleury*, 2008 WL 4680033, at \*7 (applying the same factors); *Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 Fed. App'x 670 (9th Cir. 2013) (affirming district court's imposition of an appeal bond under the same factors). VF Outdoor insists that these factors warrant an appeal bond in the amount of $52,000.

While VF Outdoor requests that the parties "pursuing the appeal" as an indivisible unit post a bond, the request must be addressed as to the Vincis on the one hand, and as to TNF Gear[1] on the other given their differing procedural status.

**A. The Bond Request as to the Vincis**

The Vincis' appeal of the grant of summary judgment as to VF Outdoor's counterclaims against them is automatically stayed under 11 U.S.C. § 362(a)(1). *See Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995). At oral argument VF Outdoor reported (although it is not in the record) that the parties had filed a stipulation for relief from the automatic stay, although it also conceded that the stipulation had not been signed. As a result, the appeal of summary judgment on the counterclaims is automatically stayed and the Court will not issue any bond in connection with the Vincis' appeal of that order.

The appeal is not stayed as to the Vincis' appeal of the summary judgment order as to their claims against VF Outdoor. *See id.* ("Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.") Although the appeal is not stayed, under 11 U.S.C. § 362(a)(3) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is stayed. VF Outdoor was unable to point to any authority—and the Court is unaware of any—that would allow

---

[1] Given that KL Sport is TNF Gear's predecessor, the remainder of the Court's order refers to TNF Gear only.

3

1 the Court to order the Vincis to post a bond notwithstanding that the stay applies to all property of the estate. VF Outdoor's reliance on cases holding that debtors remain liable for post-petition litigation related costs is unavailing as those cases have nothing to do with posting a bond under Rule 7 while a bankruptcy automatic stay is in place. *See e.g.*, *In re Ybarra*, 424 F.3d 1018, 1026 (9th Cir. 2005) (finding that "[w]hether attorney fees and costs incurred through the continued prosecution of litigation initiated pre-petition may be discharged depends on whether the debtor has taken affirmative post-petition action to litigate a prepetition claim and has thereby risked the liability of these litigation expenses").

Further, as VF Outdoor conceded at oral argument, they will not be entitled to attorneys fees incurred on appeal for prevailing on the Vincis' appeal of the summary judgment order as to their claims since they did not sue on a contract with an attorneys' fees provision. Thus, the only costs at issue on this motion as to the Vincis is $1,000 to $2,000. Even if 11 U.S.C. § 362(a)(3) did not bar the Court from requiring the Vincis to post a bond, it declines to do so for this small amount which means nothing to VF Outdoor, otherwise known as The North Face, but would likely have a disproportionate impact on the Vincis.

**B. The Bond Request as to TNF Gear**

TNF Gear, unlike the Vincis, is not subject to an automatic bankruptcy stay under section 362. Accordingly, the appeal of the grant of summary judgment on VF Outdoor's counterclaims is not stayed as to TNF Gear. Because VF Outdoor's counterclaims are based, in part, on breach of the Multiparty Guaranty and the Personal Guaranty, which include an attorney's provision, *see* Dkt. No. 91-2 at Ex. K-L, the costs on appeal include VF Outdoor's attorneys' fees. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) ("costs on appeal" in Rule 7 includes all expenses defined as "costs" by an applicable fee-shifting statute, including attorney's fees."); Cal. Civ. Code § 1717(a)("In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs" and these

4

"[r]easonable attorney's fees … shall be an element of the costs of suit."). To determine whether TNF Gear should be required to post a $52,000 bond, the Court turns to the three-factor test.

As to the first factor, TNF Gear contends that it lacks assets and that KL Sport has been terminated. VF Outdoor does not dispute that these entities lack assets, but nonetheless insists that these companies have access to the Vinicis' assets which are exempt from the bankruptcy action; namely, the Vincis' home and their retirement savings accounts.[2] The Court, in its discretion, declines to order TNF Gear to post a bond using the Vincis' home and/or retirement savings accounts as collateral. There is a reason why these assets are exempt from the bankruptcy estate. *See In re Parrotte*, 22 F.3d 472, 474 (2d Cir. 1994) ("basic policy underlying Vermont's exemption of certain items from the bankruptcy estate is to promote a 'fresh start' by allowing the debtor to keep property that the legislature deems essential to living and working."). This first factor thus weighs against posting of an appeal bond.

There is no dispute as to the second factor—there is a substantial likelihood that TNF Gear will not pay the costs if it loses its appeal. This factor thus weighs in favor of requiring a bond. The third factor, TNF Gear's likelihood of success on appeal, likewise weighs in favor of a bond. The Court granted VF Outdoor's motion for summary judgment because (1) Plaintiffs failed to demonstrate a factual or legal basis for their claims, and (2) failed to show that there was a dispute of material fact as to VF Outdoor's counterclaims and Plaintiffs' defenses to the counterclaims failed as a matter of law. (Dkt. No. 98.) The Court sees no reason why its determination is incorrect, and the Vincis and TNF Gears' arguments regarding the merits of their appeal and their theory that VF Outdoor was under a duty to reasonably apprise them that it would begin

---

[2] The Court declines to consider VF Outdoor's argument, raised for the first time at oral argument, that the Court should consider whether TNF Gear's counsel has the ability to post a bond. *See* N.D. Local Rule 7-3(d). Even if the Court were to consider the argument, the case upon which VF Outdoor relies, *Keller v. Nat'l Collegiate Athletic Ass'n*, No. C 09-1967 CW, 2015 WL 6178829 (N.D. Cal. Oct. 21, 2015), is procedurally inapposite. In *Keller*, the issue was whether objectors to a class action settlement should be required to post a bond, and given the objectors' failure to respond to questions regarding whether counsel was representing them on a contingency basis and who was paying the costs on appeal, the court found that the objectors' limited financial means did not weigh against requiring a bond. *Id*. at *3. Here, counsel has represented that he is representing the Vincis and their companies on a contingency basis and fronting the costs because they otherwise lack the ability to pay. (Dkt. No. 117 at 4:26-5:1.)

5

underselling them, do not change the Court's view.

Although two of the three factors support requiring the posting of a bond, the Court exercises its discretion and declines to order a bond. In doing so, the Court is mindful of the Ninth Circuit's caution in *Azizian* that "[r]equiring security for anticipated appellate attorney's fees under Rule 7 may be improper, notwithstanding an applicable fee-shifting provision, where other factors, such as financial hardship, indicate that the bond would unduly burden a party's right to appeal." 499 F.3d at 961. Here, the bulk of the bond sought—$50,000 of the $52,000—is based on the attorneys' fees provision in the Multiparty Guaranty and the Personal Guaranty. The Court concludes that because a bond here would require the Vincis to use their home and/or personal retirement savings as collateral, such a financial hardship would unduly burden TNF Gear's right to appeal.

## CONCLUSION

For the reasons stated above, the Court declines to order any of the parties pursuing the appeal to post a bond.

This Order disposes of Docket No. 116.

**IT IS SO ORDERED.**

Dated: December 19, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge